UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS STEPNEY,

          Petitioner,

  v.

UNITED STATES OF AMERICA,

          Respondent.

No. C 07-01479 MHP
[CR 01-0344 MHP]

**MEMORANDUM & ORDER**
**Re: Petitioner's Motion for Relief Under**
**28 U.S.C. section 2255**

On March 27, 2006 the court sentenced petitioner Douglas Stepney to a prison term of twenty-three years for his role in: 1) a drug conspiracy in violation of 21 U.S.C. section 846; 2) a drive-by shooting in violation of 18 U.S.C. section 26; and 3) a conspiracy to use and carry firearms in violation of 18 U.S.C. section 924(o). On March 14, 2007 petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. section 2255. Upon consideration of that motion, the court ordered respondent to answer petitioner's claims. Respondent's answer and petitioner's traverse are now before the court. Having considered the arguments and submissions of the parties and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

On September 13, 2001 Douglas Stepney was charged with numerous counts of violating federal drug and firearms laws. On March 27, 2006 petitioner was sentenced to a prison term of twenty-three years in accordance with a guilty plea agreement ("Plea Agreement"). Less than a year

later, on March 14, 2007,[1] petitioner filed this section 2255 motion asking the court to vacate, set aside or correct his sentence in light of an alleged denial of effective assistance of counsel.

Stepney asserts two grounds on which he was denied his constitutional right to effective assistance of counsel. First, he alleges that counsel failed to challenge the "leadership role" enhancement to his sentence as either duplicative punishment or violative of an explicit exception to the Plea Agreement. See Opp., Exh. A (hereinafter "Plea Agreement") ¶ 8. Second, petitioner faults his attorney for failing to argue that the Plea Agreement's reference to a reasonable and appropriate sentence suggests a range of reasonable sentences rather than a single reasonable sentence. This claim appears to be based on the language of 18 U.S.C. section 3553(a), which outlines the factors the court must consider when imposing a sentence.

LEGAL STANDARD

Pursuant to section 2255, a petitioner sentenced by a federal court may move to vacate, set aside or correct his or her sentence. 28 U.S.C. § 2255. The federal habeas statute allows a prisoner in federal custody to challenge the imposition or the length of the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. If any of these four grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

A petitioner has one year to file a section 2255 motion from the latest of 1) the date on which his judgement of conviction become final; or 2) the date on which an impediment to filing the motion, created by a governmental action, was removed; or 3) the date on which the right asserted was first recognized by the Supreme Court; or 4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. Id.

The Sixth Amendment guarantees that defendants are "entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair."

2

Strickland v. Washington, 466 U.S. 668, 685 (1984).  A petitioner bringing a habeas corpus petition alleging a violation of this Sixth Amendment right to counsel must demonstrate that: 1) "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) "the deficient performance prejudiced the defense." Id. at 687.  On the first prong, the court "indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; United States v. Palomba, 31 F.3d 1456, 1466 (9th Cir. 1994).  In the Ninth Circuit, a showing of "gross error" is necessary in order to prove that counsel violated a petitioner's Sixth Amendment rights.  Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (citing McMann v. Richardson, 397 U.S. 759, 771 (1970)).

Given the difficulty inherent in judging the competence of counsel, the Supreme Court directs courts to first examine whether a petitioner has satisfied the second prong in Strickland—demonstration of sufficient prejudice.  Strickland, 466 U.S. at 697.  Petitioner bears the burden of proof to show that a "reasonable probability" exists that, but for counsel's errors, the outcome of the proceedings would have been different. Id. at 694.  Reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

A petitioner alleging a section 2255 claim for ineffective assistance of counsel is entitled to an evidentiary hearing if the court, assuming the truth of the factual allegations, determines that he could prevail on the merits.  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).  A petitioner's failure to allege facts sufficient to support both prongs of Strickland will result in dismissal of his claims without the need for an evidentiary hearing.  United States v. Birtle, 792 F.2d 846, 849 (9th Cir. 1986).

DISCUSSION

I.   Failure to Challenge Leadership Enhancement

In his first claim, petitioner alleges that his Sixth Amendment right to effective counsel was violated because his counsel failed to challenge the leadership role enhancement added to his sentence.  Petitioner admitted in the Plea Agreement he signed that he had been the leader of the Big

3

1  Block gang since 1996. Plea Agreement ¶ 2(a). Although a leadership enhancement was not set
2  forth in the plea agreement, the Pre-Sentence Report referenced petitioner's leadership role and
3  recommended a corresponding leadership enhancement.

4  At the sentencing hearing, this court asked petitioner to testify under oath that the facts
5  admitted in the Plea Agreement were true. Petitioner stated, "Yes, I told the truth." Opp. Exh. C,
6  Reporter's Transcript of March 27, 2006 (hereinafter "3/27/06 RT") 15:13. The court adopted the
7  leadership enhancement, finding that the Pre-Sentence Report's recommendation for an "addition for
8  [Stepney's leadership] role in the offense, given the facts admitted to, certainly is appropriate." Id.
9  at 6:23–7:05. Nevertheless, despite adopting the enhancement and raising petitioner's Adjusted
10 Offense Level, the court imposed the same 23-year sentence agreed upon by the parties in the Plea
11 Agreement. Id. at 25:18–20.

12 Petitioner contends that his counsel's failure to contest the inclusion of the leadership
13 enhancement in the Pre-Sentence Report is unconstitutional for three reasons: 1) the late addition of
14 the enhancement served as duplicative punishment because petitioner's leadership role had already
15 been considered at the time of the plea agreement; 2) the leadership role information was improperly
16 provided to the Probation Office in violation of the Plea Agreement; and, in the alternative, 3) if the
17 information was not provided in violation of the Plea Agreement, counsel allegedly deceived
18 petitioner on the issue of sentence enhancements for his leadership role.

19 Petitioner argues under all three of these theories that his counsel's failure to object to the
20 leadership enhancement prejudiced him by enhancing the Adjusted Offense Level used at
21 sentencing. Yet, the Adjusted Offense Level bore no fixed relation to petitioner's sentence under the
22 Plea Agreement, which set a sentence of 23 years. Likewise, the Adjusted Offense Level bore no
23 fixed relation to the court's determination of petitioner's sentence. If it had, the court could not have
24 adopted the leadership enhancement and imposed the same sentence as that agreed upon in the Plea
25 Agreement, which did not include that enhancement. Given that the court adopted the enhancement
26 without increasing the sentence in the plea agreement, petitioner has failed to demonstrate that a
27 "reasonable probability" exists that his counsel's objection to the leadership enhancement would
28

4

1 have altered the outcome of the sentencing proceedings.  See Strickland, 466 U.S. at 694.  Notably,
2 petitioner's argument of duplicative punishment is particularly ill-suited to the facts at hand where
3 his sentence remained unchanged despite the court's adoption of the leadership enhancement.

Without a sufficient showing of prejudice, the court need not consider the competence of petitioner's counsel.[2]  See id.

## II.    Failure to Argue for a Sentencing Range

Petitioner next argues that his counsel acted ineffectively by failing to argue that the Plea Agreement called for a sentence within a range, rather than a fixed 23-year sentence.  See Plea Agreement ¶ 9.  This argument appears to be based on the language of 18 U.S.C. section 3553(a), which states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection [which refers to goals of sentencing—retribution, remediation, and deterrence]."  Petitioner suggests that a sentence shorter than the 23-year term set in the Plea Agreement would be sufficient, but not greater than necessary, as required by 18 U.S.C. section 3553(a).

Petitioner's argument relies on the court's statement that he would be sentenced "in the range that is contemplated by or to the term contemplated by the Plea Agreement."  Opp. Exh. B, Reporter's Transcript of Dec. 13, 2005 (hereinafter "12/13/05 RT") 19:3–5.  Petitioner contends that the court's use of 'or' acknowledges that the Plea Agreement provides for a range of sentences and created an obligation for petitioner's counsel to argue that a sentencing range was appropriate under the Plea Agreement.  This argument creates hidden meaning where there is none.  The court's use of this standardized language encompasses both those plea agreements with fixed terms, like petitioner's, and those without fixed terms—it is not an invitation for defense counsel to make an eleventh hour plea to deviate from the fixed sentence term agreed upon in the Plea Agreement.

Furthermore, petitioner fails to show prejudice.  Under the terms of the Plea Agreement, petitioner risked invalidating the Plea Agreement altogether had his counsel successfully argued that a lower sentencing range was appropriate.  Plea Agreement ¶ 7 (petitioner "agree[s] that the

government may withdraw this Agreement if the Court does not accept the agreed upon sentence set out below"). Indeed, a trial or new plea agreement could have led to a higher sentence. As a result, petitioner fails to show with "reasonable probability" that his counsel's failure to argue for a sentencing range resulted in prejudice. See Strickland, 466 U.S. at 694.

CONCLUSION

On the factual record and for the reasons stated above, an evidentiary hearing on this matter is unnecessary. Petitioner's motion for relief is DENIED.

IT IS SO ORDERED.

Dated: 4/17/2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. Several filing dates appear on petitioner's filings. Where filing dates are unclear, the court cites to the court filing date for clarity.

2. The court finds it noteworthy that petitioner admitted to his leadership role in the Big Block gang within the text of the Plea Agreement. No inference may be drawn that respondent violated the Plea Agreement and improperly revealed this leadership information when both the court and the Probation Office had direct access to the Plea Agreement itself.