United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DOUGLAS STEPNEY,<br>Defendant. | Case No. 01-cr-00344-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COURT TO EXERCISE SUPERVISORY POWER AND RECALL JUDGMENT**<br><br>Docket No. 2074 |

## I. INTRODUCTION

Defendant Douglas Stepney moves to recall this Court's previous judgment denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Docket No. 2074 ("Motion"). Stepney asks this Court to exercise its inherent supervisory power to recall its previous judgment and reduce his sentence from 262 months to 240 months, the mandatory minimum sentence for his offenses. The Court **DENIES** the motion.

## II. BACKGROUND

In 2006, Douglas Stepney entered into a binding plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C). Motion, Ex. A (Plea Agreement) at 8:17; Motion at 4:14. Stepney agreed to plead guilty to drug conspiracy (distributing and selling crack cocaine), aiding and abetting in a drive-by shooting, and conspiracy to use and carry firearms, for which he would receive a sentence of 23 years (276 months). Plea Agreement at 1:26-28; 2:1-12. Under the terms of the Plea Agreement, the adjusted offense level for the plea was 35. *Id.* at 8. At sentencing, however, this Court adopted a four-level Guideline enhancement not provided for in the agreement for Stepney's leadership role in the drug conspiracy. *See* Motion, Ex. E ("Transcript of Sentencing") at 6:17-9:24. This enhancement resulted in a final adjusted offense level of 39. *See*

*id.* at 9:10. That level, in turn, with Criminal History Category III, produced a guideline range of 324 to 405 months, but the Court nonetheless imposed the agreed upon sentence of 276 months.[1] *Id.* at 25:5-7, 25:18-22. During sentencing, Stepney's defense counsel failed to object to the "reframed" guideline calculations. *Id.* at 9:17. Stepney did not directly appeal this sentencing, as he had waived any right to appeal any aspect of his sentence. Motion at 3:11; Plea Agreement at 6:16-18.

In 2007, Stepney filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in part on the ground that he had been denied the effective assistance of counsel when his defense counsel failed to challenge the "leadership role" enhancement. Docket No. 1636. This Court denied the motion, finding because Stepney had received the agreed upon 23-year sentence, he could not have been prejudiced by any alleged deficiency. Docket No. 1790 at 5. Both Judge Patel and the Ninth Circuit denied Stepney's requests for a certificate of appealability from the order denying his § 2255 motion. Docket Nos. 1813; 1822.

On July 16, 2015, Stepney filed a motion under 18 U.S.C. § 3582(c)(2) for a sentence modification based on retroactive Guideline Amendment 782. Docket No. 2066. Amendment 782 lowered the applicable Guideline Base Offense Level of certain drug amounts under the Guideline Section 2D.1 drug quantity table by two levels. *See* FCJ Federal Sentencing Guidelines Manual Amendment 782. As applied to Stepney's case, Amendment 782 reduced the base offense level by two levels. Stepney's revised guideline range, based on a final adjusted offense level of 37, Criminal History III, was 262-327 months. The Court granted Stepney's motion and reduced his sentence by 14 months to 262 months, the bottom of the revised range. Docket No. 2070.

On December 21, 2016, Stepney filed the instant motion to recall the Court's judgment denying his earlier motion under 28 U.S.C. § 2255. Docket No. 2074. Stepney argues that the Court committed reversible procedural error at sentencing by adopting an enhancement under the Sentencing Guidelines that was not part of the plea agreement without giving him the chance to

---

[1] Absent the leadership enhancement, the guidelines range for Stepney's offense level of 35, at Criminal History Category III, would have been 210-262 months. As noted, however, Stepney's plea agreement called for a sentence of 276 months.

2

withdraw from the agreement.  Absent this error, Stepney contends, he would have been eligible for a sentence reduction beyond the one he already received as a result of a retroactive Guidelines Amendment.  Mr. Stepney argues that a reversible procedural error occurred at sentencing with the addition of the leadership enhancement, and that absent the error, he would have been eligible for a larger reduction in his sentence.  Specifically, he argues that had the Court not added the leadership enhancement, his adjusted offense level, after the reduction to which he was entitled under Amendment 782, would have been only 33, with a corresponding guidelines range of 168-210 months.  Accordingly, Stepney asks this Court to exercise its inherent supervisory power to recall its previous judgment and reduce his sentence from 262 months to 240 months, the mandatory minimum sentence for his felony offenses.

## III.  **DISCUSSION**

Generally, a federal court may not resentence a defendant once a term has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010).  As the Ninth Circuit has explained, "[d]istrict courts do not have inherent power to resentence defendants at any time; their authority to do so must flow from either the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35." *United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990) (quotation marks omitted).[2]  There are two exceptions to this general rule relevant here: First, 18 U.S.C. § 3582(c)(2) permits a court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." *See United States v. Hicks*, 472 F.3d 1167, 1170 (9th Cir. 2007) *abrogated by Dillon v. United States*, 560 U.S. 817 (2010).  Second, a sentenced may be modified where a defendant prevails in a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Neither of these exceptions is applicable in this case.

A.  28 U.S.C. Section 2255

First, as explained above, Stepney has already unsuccessfully challenged his sentencing

---

[2] Stepney does not argue that either § 2106 or Rule 35 are applicable here.

3

1 under § 2255. Under § 2255(h), a defendant may not bring a second or successive § 2255 motion

2 without leave from the Court of Appeals. Stepney has not obtained such leave, nor could he, as it

3 is only available upon a showing of newly discovered evidence "sufficient to establish by clear

4 and convincing evidence that no reasonable factfinder would have found the movant guilty," or

5 where there is "a new rule of constitutional law, made retroactive to case on collateral review by

6 the Supreme Court." 28 U.S.C. § 2255(h). Here, Mr. Stepney was denied a certificate of

7 appealability for his first § 2255 motion, and has failed to obtain leave of the Ninth Circuit for this

8 motion. Opposition at 2:8-9. Accordingly, no relief is available under § 2255.

B. <u>18 U.S.C. Section 3852(c)(2)</u>

Nor may the Court resentence Stepney under 18 U.S.C. § 3582(c)(2). That provision permits a court to reduce a sentence where a defendant was sentenced under a U.S.S.G. range that has been subsequently lowered. As the Supreme Court has explained, this authority is narrow. Section 3582(c)(2) "does not authorize a resentencing", but rather "permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010). *Dillon* squarely held that a Court may not, under § 3582(c)(2), correct unrelated mistakes in an original sentence. *Id.* That is precisely what Stepney seeks here. Stepney already sought and obtained the two-level reduction in his sentence available under § 3582(c)(2) for a sentence modification based on retroactive Guideline Amendment 782. Docket. No. 2069. No further reduction is permissible under this statute. Section 3582(c)(2) does not authorize a further reduction based on a basis outside the subject matter of Amendment 782.

C. <u>Supervisory Power of the Court</u>

Apparently recognizing that these statutory avenues are foreclosed, Stepney asks the Court to exercise its inherent supervisory authority to reduce his sentence to 240 months, the mandatory minimum sentence in his case. Reply at 5. The supervisory power is "an inherent power to preserve the integrity of the judicial process." *United States v. Gonsalves*, 691 F.2d 1310, 1316 (9th Cir. 1982) *judgment vacated on other grounds by United States v. Gonsalves*, 464 U.S. 806 (1983). This supervisory power has been exercised by the federal judiciary to (1) formulate new rules of general application, (2) enforce judicial compliance with existing standards of fairness,

and (3) avoid a miscarriage of justice in cases where existing procedures have proved inadequate. *Id.* (citing Note, *The Judge-Made Power of the Federal Courts*, 53 Geo. L. J. 1050 (1965)). For example, in order to do justice, federal courts may exercise supervisory powers to formulate procedural rules not specifically required by the Constitution or Congress. *United States v. Hasting*, 461 U.S. 499, 505 (1983) (citing *McNabb v. United States*, 318 U.S. 332, 341 (1943). Courts have also used the supervisory power to dismiss an indictment in certain cases due to government misconduct. *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978).

To determine whether there is a sound basis for invoking the supervisory power, The Supreme Court has identified three purposes underlying proper use of the power: "(1) to implement a remedy for violation of recognized rights; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and (3) as a remedy designed to deter illegal conduct." *Hasting*, 461 U.S. at 505. In *United States v. W.R. Grace*, however, the Ninth Circuit held that a federal court is not limited to *Hasting*'s three purposes in its exercise of supervisory power. 526 F.3d at 511 n.9. In that case, the court held that a district court had the authority to compel pretrial disclosure by the government of its final list of witnesses and evidentiary documents, and to preclude the government from calling additional witnesses disclosed by the time of the court's mandated deadline. *Id.* at 502. The Ninth Circuit reasoned that district courts have "inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *Id.* at 509.

In this case, none of the three purposes identified in *Hastings* would be served by the Court's use of its supervisory power to resentence Stepney. First, there is no need "to implement a remedy for [a] violation of recognized rights," as there was already a remedy available for the rights Stepney claims were violated – a § 2255 motion to vacate, set aside, or correct the sentence. Stepney has already challenged his sentence – and the effectiveness of his trial counsel in failing to object to it – in such a motion, which this Court denied. Second, resentencing Stepney would not serve to "preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury," as Stepney does not challenge the validity of his conviction, only his sentence. Third, this case does not require the Court to fashion a "remedy

5

designed to deter illegal conduct." Where there is already a remedy in place for the alleged illegal conduct, the Supreme Court has "reject[ed]" the use of the supervisory power as a "substitute" for the existing remedy. *United States v. Payner*, 447 U.S. 727, 736 n.8 (1980). Here, Stepney contends that this Court exceeded its authority by changing the terms of his plea agreement without giving him the chance to withdraw. But, as discussed above, the proper remedy for this alleged violation lies in § 2255. Stepney's request for this Court to exercise its supervisory authority is tantamount to a request to relitigate the issues already resolved in the prior § 2255 proceedings.

While *Grace* made clear that the three purposes identified in *Hastings* do not limit the Court's supervisory power, Stepney has identified – and this Court is aware of – no cases in which a district court employed its inherent supervisory authority to resentence a defendant. Absent any such authority, and given the fact that Stepney has already had ample opportunity to raise the same arguments he now presses, this Court will not depart from the clear instruction of the Ninth Circuit that "[d]istrict courts do not have inherent power to resentence defendants at any time." *Stump*, 914 F.2d at 172.

## IV. CONCLUSION

Because there is no statutory basis for reducing Stepney sentence, and because there is no authority supporting the Court's use of its inherent supervisory authority to do so, Stepney's motion is **DENIED**.

This order disposes of Docket No. 2074.

**IT IS SO ORDERED**.

Dated: May 11, 2017

EDWARD M. CHEN
United States District Judge

6